UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

**FRANKLIN BOSTON,**

        Petitioner,

                                        **Civil Case No:** _____

v.

**JOYCE FRANCIS,**
**WARDEN, F.C.I. Gilmer,**

        Respondent,
_____/

**"COMBINED"**
**PETITION FOR HABEAS CORPUS**
**PURSUANT TO TITLE 28, U.S.C. ss: 2241**
**and**
**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PETITIONERS APPLICATION FOR**
**HABEAS CORPUS PURSUANT TO TITLE 28, U.S.C. ss: 2241**

      Comes now the petitioner Franklin Boston, through counsel, James Quincy Butler, a member of the bar of this court and in support of his petition for habeas corpus, pursuant to Title 28, U.S.C. ss: 2241, hereby states a s follows:

      Petitioner, Franklin Boston, is a D.C. Parole Violator, convicted and sentenced in the Superior Court of the District of Columbia, and held under the custody of Joyce Francis, as Warden of the Federal Bureau of Prisons facility, at F.C.I. Gilmer, West Virginia, pursuant to an order of revocation of parole by the United States Parole Commission, said agency having oversight authority, as to violations of parole by D.C. sentenced prisoners.

## JURISDICTION OF THIS COURT

A sec 2241 petition must be used to challenge actions of the U.S. Parole Commission in connection with a prisoner's sentence. Section sec 2255 Rules, supra note 1, Rule 1 advisory committee's note ("The challenge of decisions such as the revocation of probation or parole are not properly dealt with under 28 U.S.C. sec 2255."); see **U.S. v. Addonizio, 442 U.S. 178, 190 (1979)** (Parole Commission's actions do not retroactively affect validity of conviction itself, and thus "do not provide a basis for collateral attack" pursuant to sec 2255); **Cabrera v. U.S., 972 F.2d 23, 26 (2d Cir. 1992)** (challenge to actions of Parole Commission not cognizable under sec 2255); **Billis v. U.S., 83 F.3d 209, 210 (8th Cir.)** (per curiam) (challenge to decision of Parole Commission under 2255 construed as sec 2241 motion), cert. denied, 117 S. Ct. 252 (1996); **Doganiere v. U.S., 914 F.2d 165, 169-70 (9th Cir. 1990)** (challenge to decision of Parole Commission not cognizable under 2255; proper challenge to Parole Commission decision by means of 2241); **Hajduk v. U.S., 764 F.2d 795, 796 (llth Cir. 1985)** (per curiam) (same).

## POWER TO GRANT THE WRIT

**Title 28 U.S.C. § 2241.**

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless—

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

    (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

    (5) It is necessary to bring him into court to testify or for trial.

(d) ***Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court*** of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody ***or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.*** The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In the instant matter petitioner Franklin Boston is a D.C. prisoner, sentenced in the Superior Court of the District of Columbia, and jurisdiction and venue are proper in this court.

## ILLEGAL DETENTION COMPLAINED OF

**Petitioner Boston, B.O.P. Number 03790-007;  FBI NO: 740340PB;  DCDC NO: 286-501;  PDID NO: 503-935;** was the subject of a parole revocation hearing based upon a series of charges brought by the Court Services and Offender Supervision Agency of the District of Columbia. (Please see: Exhibit "A" attached hereto and fully incorporated herein by reference.)

Exhibit "A" refers the case of this alleged state violator to the United States Parole Commission for hearing and determination.

On August 26, 2005 a probable cause hearing was held. (Please see: Exhibit "B" attached hereto and fully incorporated herein by reference.)

The probable cause hearing consisted of five allegations.

**Charge Number 1: Failure to submit to drug testing.**  This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON PAROLE OFFICERS REPORT" (Please see exhibit for reference.)

**Charge Number 2: Failure to report to supervising officer as directed.**  This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON PAROLE

4

OFFICERS REPORT" (Please see exhibit for reference.)

**Charge Number 3: Violation of special conditions, (Sex offender treatment).** This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON PAROLE OFFICERS REPORT" (Please see exhibit for reference.)

**Charge Number 4: Law Violations. (a) deceptive labeling(DVD's and CD's) (Criminal Copyright Offense), (b) Possession with intent to distribute crack cocaine, [c] Possession of Cocaine.** This charge was denied by the petitioner at section [a], [b], and [c] of the hearing form. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON POLICE REPORT" (Please see exhibit for reference.)

**Charge Number 5: Law Violations. (a) counterfeit trademark, (b) unauthorized sale of recordings.** This charge was denied by the petitioner at section [a], and [b] of the hearing form. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON POLICE REPORT" (Please see exhibit for reference.)

It appears from the record that the petitioner has been the victim of personally motivated, class base animus on the part of the parole officer in this matter.

**Charge Number 1: Failure to submit to drug testing.** This charge was denied by the petitioner. The historical information mitigates the facts alleged. The petitioner had reported for testing and has never failed any previous test. (Please see: Exhibit "C" attached hereto and fully incorporated herein by reference.)

**Charge Number 2: Failure to report to supervising officer as directed.** This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor regarding the interaction between the petitioner and his parole officer. The petitioner was held in a false light by his parole officer who went far out of her way to make sure that the petitioner could not remain gainfully employed by making statements to employers which had no basis in fact when applied to the type of employment the petitioner was engaged in. The parole officer would tell prospective employers that the petitioner was a sex offender and should not be employed in the position held.

**Charge Number 3: Violation of special conditions, (Sex offender treatment).** This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor that the petitioner did in fact report for the treatment and was left sitting for a long period of time whereupon it appeared the appointment had been terminated. There is a vast difference between failing to report, and reporting and then being left by one's self wherein the treatment staff forgets the person is there for the appointment.

**Charge Number 4: Law Violations. (a) deceptive labeling(DVD's and CD's) (Criminal Copyright Offense), (b) Possession with intent to distribute crack cocaine, [c] Possession of Cocaine.** This charge was denied by the petitioner at section [a], [b], and [c] of the hearing form. The petitioner was acquitted of these charges.

**Charge Number 5: Law Violations. (a) counterfeit trademark, (b) unauthorized sale of recordings.** This charge was denied by the petitioner at section [a], and [b] of the hearing form. The petitioner was acquitted of these charges.

The situation in the instant matter is one of a parole officer having a class based animus against a what she opined, was a sex offender, who should be in jail and did everything within her power to make sure the petitioner could not work and could not comply with her demands that he appear without notice in the middle of the work day, which essentially destroyed every chance the petitioner had to rehabilitate himself.

The denial of due process in this matter is egregious and the available witnesses including former employers and others, who will be produced at the hearing, will clearly show this court that the revocation of petitioner Boston's parole, was wrongful, a willful violation of due process and illegal.

**WHERFORE ALL PREMISES CONSIDERED**, the petitioner respectfully requests this Honorable Court enter an ORDER granting the writ of habeas corpus, and releasing him from custody forthwith, or in the alternative an order setting this matter for a hearing in open court and such other and further relief as to this Honorable Court appears to be just and proper.

September 14th , 2006


**By:**_____
James Q. Butler, Esq
Attorney at Law (DC BAR # 490014)
Butler Legal Group, PLLP
818 18th Street,  Suite 1010
Washington, D.C. 20006
Telephone: 202-223-6767
Fax:  202-223-3039

**CERTIFICATE OF SERVICE**

James Q. Butler, avers that on the 14th day of September, 2006, he caused to be hand delivered the original and one copy of the foregoing to the clerk of the court and served by mail one conformed copy to each of the parties identified infra, after having first placed same in an envelope, first class postage pre-paid and mailing same from zip code 20006, in Washington, D.C.

Clerk's Office
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

United States Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, MD 20815-7286

Court Services and Offender Supervision Agency
633 Indiana Avenue, NW
Washington, DC 20004-2902

Joyce Francis, Warden
F.C.I. Gilmer
P.O. Box 5000
Glenville, W.VA.  26351

Mr. Franklin Boston
Reg No:  03790-007
F.C.I. Gilmer
P.O. Box 6000
Glenville, W.VA.  26351

By:_____
          James Q. Butler