UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

**FRANKLIN BOSTON,**

         Petitioner,

                                                **Civil Case No:   1:06-cv-01602-GK**

v.

**JOYCE FRANCIS,
WARDEN, F.C.I. Gilmer,**

         Respondent,
_____/

**PETITIONERS RESPONSE TO SUA SPONTE ORDER
TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED**

      Comes now the petitioner Franklin Boston, through counsel, James Quincy Butler, a member of the bar of this court and in support of his petition for habeas corpus, pursuant to Title 28, U.S.C. ss: 2241, hereby states a s follows:

      Petitioner, Franklin Boston, is a D.C. Parole Violator, convicted and sentenced in the Superior Court of the District of Columbia, and held under the custody of Joyce Francis, as Warden of the Federal Bureau of Prisons facility, at F.C.I. Gilmer, West Virginia, pursuant to an order of revocation of parole by the United States Parole Commission, said agency having oversight authority, as to violations of parole by D.C. sentenced prisoners.

## JURISDICTION OF THIS COURT

A sec 2241 petition must be used to challenge actions of the U.S. Parole Commission in connection with a prisoner's sentence. Section sec 2255 Rules, supra note 1, Rule 1 advisory committee's note ("The challenge of decisions such as the revocation of probation or parole are not properly dealt with under 28 U.S.C. sec 2255."); see **U.S. v. Addonizio, 442 U.S. 178, 190 (1979)**

## THIS COURT IF THE PROPER FORUM

The greater majority of U.S. Parole Commission cases are rather cut and dried. The petitioner must bring the matter within the district wherein he/she is confined. However, the exception to the rule is District of Columbia Prisoners.

The exception arises based upon the fact that District of Columbia prisoners are not actually FEDERAL PRISONERS, in the true sense applied to the greater majority of prisoners in the federal prison system. The spirit of the law inn the case of a District of Columbia Prisoner is that he/she is a District (vis-a-vie State) Prisoner, housed as a boarder within the federal system. As such District of Columbia prisoners have administrative remedy rights due to them, that cannot be enforced outside the District of Columbia.

The only time a District of Columbia prisoner can be compelled to file in the District wherein he/she is confined is in the event the prisoner seeks to be released on parole. That is not the case in the instant matter.

## SUBJECT MATTER JURISDICTION

Petitioner Boston is not required to file this action as a petition for writ of habeas corpus because he expressly does not seek his release on parole, but only challenges the use of false documentation at a parole hearing. See **Anyanwutaku v. Moore**, 151 F.3d 1053, 1055 (D.C.Cir.1998) (DC prisoner need not file action challenging eligibility for parole as habeas petition). (See Also: **Stokes v. U.S. Parole Comm**. 374 F.3d 1235)

Exhaustion of administrative remedies is not required for such an action and venue is at least arguably proper in this district. See 28 U.S.C. § 1391(e). However, even considering this action as a general habeas petition under District of Columbia law, it would appear that such petitions must be filed in this Court. See **D.C.Code § 16-1901(b)** ("Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia").

## THIS PETITION IS NOT FOR RELEASE ON PAROLE

In the instant matter petitioner Boston, does not seek his release on parole. The petitioner already has a January 2007, release date. The question here is the use of knowingly false information in an administrative (parole) hearing.

There is no administrative remedy for this matter. Even if there was an administrative rule that applied, exhaustion of administrative remedies is not required for such an action and venue is proper in this district. See 28 U.S.C. § 1391(e).

This court may construe this petition as a general habeas petition under District of Columbia law, and such petitions must be filed in this Court. See **D.C.Code § 16-1901(b)** ("Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia").

The question here is the use of fabricated information, that both the District of Columbia and The U.S. Parole Commission knew was false. There was no conviction to be relied upon.

The petitioner will be released in January of 2007, and venue will most certainly rest, without a doubt, in this jurisdiction, thus all the parties will be burdened by having to travel to West Virginia, or by having to seek transfer of the case from West Virginia, back to the District of Columbia.

Even if this court denied the petitioner leave to hear the matter in this District, by the time the Notice of Appeal was filed and the case scheduled for briefing, the January, 2007 release date will have come and gone, rendering the jurisdictional matter moot.

**WHERFORE ALL PREMISES CONSIDERED,** the petitioner respectfully requests this Honorable Court enter an **ORDER** directing the respondents to reply and such other and further relief as to this Honorable Court appears to be just and proper.

October 16th , 2006
Respectfully submitted;
**By:__/s/ James Q. Butler, Esq___**
James Q. Butler, Esq
Attorney at Law (DC BAR # 490014)
Butler Legal Group, PLLP
818 18th Street,  Suite 1010
Washington, D.C. 20006
Telephone: 202-223-6767