UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANKLIN BOSTON, | : | |
| Petitioner | : | Civil Action No. 06- 1602(GK) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOYCE FRANCIS, Warden, F.C.I. Gilmer, | : | |
| Respondent | : | |

### UNITED STATES' MOTION TO TRANSFER
### PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer petitioner's petition for a writ of habeas corpus to the United States District Court for the Northern District of West Virginia. In support of this motion, the United States submits the following:

### ARGUMENT

On September 15, 2006, the petitioner filed his petition for a writ of habeas corpus in the United States District Court for the District of Columbia. The petitioner challenges the revocation of his supervised release by the U.S. Parole Commission and seeks his immediate release. The petitioner acknowledges, however, that, at the time he filed his petition, he was incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia. See Petitioner's petition at p. 1. The government has verified with the Federal Bureau of Prisons that the petitioner is incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia, which is located within the jurisdiction of the Northern District of West Virginia.

Accordingly, since the petitioner is presently confined in the Gilmer Federal Correctional

-1-

Institution in Glenville, West Virginia, and is not incarcerated in the District of Columbia, the petitioner's habeas petition cannot be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Glascoe v. U.S. Parole Commission, 2004 WL 2857284 at *1 (D.C. Cir. December 14, 2004) (per curiam) (only proper respondent in habeas case is the warden of facility in which petitioner was incarcerated when he filed his petition); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (district court may not entertain a habeas petition unless respondent custodian, the warden of the facility in which petitioner is incarcerated at the time of the filing of his petition, is within its territorial jurisdiction), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (the appropriate respondent in a habeas action is the warden of the prisoner who is the prisoner's custodian, not the United States Parole Commission); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner").[1]

---

[1] The petitioner's argument that the Court has jurisdiction is without merit. D.C. Code § 16-1901(b), cited in the petitioner's response filed on 10/16/06, does not confer jurisdiction where it would otherwise not exist. Likewise, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir 1998), provides no support for the petitioner's argument that the Court has jurisdiction. The Court of Appeals held in Anyanwutaka that the petitioner, who was challenging a parole

Accordingly, this Court should transfer the petitioner's petition to the United States District Court for the Northern District of West Virginia, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, supra, 864 F.2d at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

## CONCLUSION

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to the United States District Court for the Northern District of West Virginia, after giving the petitioner notice of the proposed transfer and an opportunity to respond.

A proposed Order is attached.

---

eligibility release date that would not necessarily result in his immediate release, could bring his action under 42 U.S.C. § 1983. Id. at 1056-57. In the instant case, the petitioner has not brought his action under § 1983 and he is seeking his immediate release from custody pursuant to 28 U.S.C. § 2241. Petition at pp. 1, 8. Accordingly, as in Stokes, supra, another case cited by the petitioner in his response, the proper respondent to the petitioner's habeas petition is the warden of his current correctional facility. See Stokes, supra, 374 F.3d at 1238 ("the only proper respondent to Stokes' habeas petition was his 'immediate custodian' –that is– the warden of the Ohio facility in which he was incarcerated at the time he filed his petition").

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar Number 498-610

         /s/ Robert D. Okun
        ROBERT D. OKUN
        Assistant United States Attorney
        Chief, Special Proceedings Division
        D.C. Bar Number 457-078

         /s/ Sherri L. Berthrong
        SHERRI L. BERTHRONG
        Assistant United States Attorney
        D.C. Bar No. 249-136
        Sherri.Berthrong@usdoj.gov
        Special Proceedings Division
        555 4th Street, N.W., Room 10-450
        Washington, D.C. 20530
        (202) 514-6948

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with the Court and served upon the counsel for the petitioner, James Q. Butler, Esq. Butler Legal Group, PLLP, 818 18th Street, Suite 1010, Washington, D.C. 20006, this 16th day of November, 2006.

         /s/ Sherri L. Berthrong
        Sherri L. Berthrong
        Assistant United States Attorney