UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

**FRANKLIN BOSTON,**

        Petitioner,

                              Civil Case No:   1:06-cv-01602-GK

v.

**JOYCE FRANCIS,**
**WARDEN, F.C.I. Gilmer,**


        Respondent,
_____/


**PETITIONERS OPPOSITION AND RESPONSE TO UNITED THE**
**STATES MOTION TO TRANSFER THE MATTER**

       Comes now the petitioner Franklin Boston, through counsel, James Quincy Butler, a member of the bar of this court and hereby states a s follows:

       The United States has filed two pleadings in this matter. One pleading is a motion to extend the time for response, which counsel for the petitioner does not oppose. The other pleading is a motion to transfer the matter to West Virginia, which counsel for the petitioner **"DOES"** (emphasis added) oppose.

       It appears that the United States has not read, or does understand the nature of this proceeding. The petitioner raised two issues in this case. **Issue one**:  The disingenuous nature of the parole revocation proceeding. Issue **Two:** the venue for this case.

       It appears to this counsel, in his humble opinion, that the United States is attempting to avoid by use of a motion, the need to address the merits of the venue

1

question raised by the petitioner, as part of this proceeding.

The petitioner objects and opposes the motion as being premature as the question of venue has not be briefed, responded to or argued.

Petitioner, Franklin Boston, is a D.C. Parole Violator, who was convicted and sentenced in the Superior Court of the District of Columbia, and held under the custody of Joyce Francis, as Warden of the Federal Bureau of Prisons facility, at F.C.I. Gilmer, West Virginia, pursuant to an order of revocation of parole by the United States Parole Commission, said agency having oversight authority, as to violations of parole by D.C. sentenced prisoners.

## JURISDICTION OF THIS COURT

A sec 2241 petition must be used to challenge actions of the U.S. Parole Commission in connection with a prisoner's sentence. Section sec 2255 Rules, supra note 1, Rule 1 advisory committee's note ("The challenge of decisions such as the revocation of probation or parole are not properly dealt with under 28 U.S.C. sec 2255."); see **U.S. v. Addonizio, 442 U.S. 178, 190 (1979)**

## THIS COURT IF THE PROPER FORUM

The greater majority of U.S. Parole Commission cases are rather cut and dried. The petitioner must bring the matter within the district wherein he/she is confined. However, the exception to the rule is District of Columbia Prisoners.

The exception arises based upon the fact that District of Columbia prisoners are not actually FEDERAL PRISONERS, in the true sense applied to the greater majority of prisoners in the federal prison system. The spirit of the law inn the case of a District of

Columbia Prisoner is that he/she is a District (vis-a-vie State) Prisoner, housed as a boarder within the federal system. As such District of Columbia prisoners have administrative remedy rights due to them, that cannot be enforced outside the District of Columbia.

The only time a District of Columbia prisoner can be compelled to file in the District wherein he/she is confined is in the event the prisoner seeks to be released on parole. That is not the case in the instant matter.

## **SUBJECT MATTER JURISDICTION**

Petitioner Boston is not required to file this action as a petition for writ of habeas corpus because he expressly does not seek his release on parole, but only challenges the use of false documentation at a parole hearing. See **Anyanwutaku v. Moore**, 151 F.3d 1053, 1055 (D.C.Cir.1998) (DC prisoner need not file action challenging eligibility for parole as habeas petition). (See Also: **Stokes v. U.S. Parole Comm**. 374 F.3d 1235)

Exhaustion of administrative remedies is not required for such an action and venue is at least arguably proper in this district. See 28 U.S.C. § 1391(e). However, even considering this action as a general habeas petition under District of Columbia law, it would appear that such petitions must be filed in this Court. See **D.C.Code § 16-1901(b)** ("Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia").

## THIS PETITION IS NOT FOR RELEASE ON PAROLE

In the instant matter petitioner Boston, does not seek his release on parole. The petitioner already has a January 2007, release date. The question here is the use of knowingly false information in an administrative (parole) hearing.

There is no administrative remedy for this matter. Even if there was an administrative rule that applied, exhaustion of administrative remedies is not required for such an action and venue is proper in this district. See 28 U.S.C. § 1391(e).

This court may construe this petition as a general habeas petition under District of Columbia law, and such petitions must be filed in this Court. See **D.C.Code § 16-1901(b)** ("Petitions for writs directed to Federal officers and employees shall be filed in the United States District Court for the District of Columbia").

The question here is the use of fabricated information, that both the District of Columbia and The U.S. Parole Commission knew was false. There was no conviction to be relied upon.

The petitioner will be released in January of 2007, and venue will most certainly rest, without a doubt, in this jurisdiction, thus all the parties will be burdened by having to travel to West Virginia, or by having to seek transfer of the case from West Virginia, back to the District of Columbia.

## THE GOVERNMENT SEEKS TO DENY
## THE PETITIONER HIS CHOICE OF COUNSEL

The United States is engaging in forum shopping. The United States is well aware that this counsel and the members of his firm are licensed in the District of Columbia, Maryland, Virginia and California. The United States is attempting to violate the petitioners due process right by transferring the matter to a jurisdiction wherein the petitioners counsel cannot readily appear. This type of behavior is in contradiction to

**UNITED STATES v. GONZALEZ-LOPEZ** (No. 05-352) 399 F. 3d 924.

 "The Sixth Amendment violation is not subject to harmless-error analysis. Erroneous deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.' " *Sullivan* v. *Louisiana,* 508 U. S. 275 . It "def[ies] analysis by 'harmless error' standards" because it "affec[ts] the framework within which the trial proceeds" and is not "simply an error in the trial process itself." *Arizona* v. *Fulminante,* 499 U. S. 279 . Different attorneys will pursue different strategies with regard to myriad trial matters, and the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides to go to trial. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings."

## REQUIREMENT FOR INTERLOCUTORY APPEAL

The matter raised herein, is a serious question of due process, that will require an interlocutory appeal, to the United States Court fo Appeals for the D.C. Circuit, in the event the government is successful in it's transfers motion, as the nature of use of a canned motion, out of the U.S. Attorney's manual, to overcome a key issue, appears to be a violation of due process, when the issue regarding transfer is one of the two issues of contention, currently on the table.

**WHERFORE ALL PREMISES CONSIDERED,** the petitioner respectfully requests this Honorable Court deny the motion to transfer and such other and further relief as to this Honorable Court appears to be just and proper.

November 17th , 2006

Respectfully submitted;
**By:__/s/ James Q. Butler, Esq___**
James Q. Butler, Esq
Attorney at Law (DC BAR # 490014)
Butler Legal Group, PLLP
818 18th Street, Suite 1010
Washington, D.C. 20006
Telephone: 202-223-6767