UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

**FRANKLIN BOSTON,**

   Petitioner,

                    Civil Case No:  1:06-cv-01602-GK

v.

**JOYCE FRANCIS,**
**WARDEN, F.C.I. Gilmer,**

   Respondent,
_____/


**MOTION AND APPLICATION FOR LEAVE TO CERTIFY THE QUESTIONS HEREIN RAISED AND FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL OF THIS COURTS DECEMBER 4, 2006 ORDER TRANSFERRING THE CASE TO WEST VIRGINIA**

  Comes now the petitioner Franklin Boston, through counsel, James Quincy Butler, a member of the bar of this court and in support of his **MOTION AND APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL OF THIS COURTS DECEMBER 4, 2006 ORDER TRANSFERRING THE CASE TO WEST VIRGINIA**, pursuant to Title 28 U.S.C. §1292(b) hereby states a s follows:

  This case embodies the rare exception to the federal courts' general preference for avoiding piecemeal appellate review because an immediate appeal may prevent protracted and expensive litigation. Because of this case's magnitude and the extraordinary importance of the legal issues involved, interlocutory review of the questions presented is appropriate here. *See Zenith Radio Corp. v. Matsushita Elec. Inds. Col.*, 478 F. Supp.

889, MDL No. 189 (E.D.Pa. Aug. 21, 1979).

It is undisputed that four elements must be established before granting review of interlocutory orders under 28 U.S.C. §1292(b): "(1) the question involved must be one of 'law'; (2) it must be 'controlling'; (3) there must be substantial ground for 'difference of opinion' about it; and (4) an immediate appeal must 'materially advance the ultimate termination of the litigation.'" *Cardwell v. Chesapeake & Ohio Railway Co.*, 504 F.2d 444, 446 (6 th Cir. 1974); s*ee also, Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6 th Cir. 1993). Because all four elements are present here, plaintiff respectfully requests this Court to grant them leave to appeal this Court's December 4, 2006 order partially denying their motion to dismiss Plaintiffs' complaint.

*Law and Argument*

**The Issues Presented Involve Controlling Questions of Law.**

The questions presented for review involve legal, rather than factual matters that control this case's outcome.

**ISSUE ONE:**

**(a) The proper venue for actions involving D.C. (i,e, STATE) inmates regarding parole issues wherein release or new hearings are not demanded.**

**ISSUE TWO:**

**(b) The District Court denying the petitioner his right to counsel of his choice by electing a venue wherein the petitioners counsel is not licensed in violation of the spirit of United States v. Gonzalez-Lopez, 548 U. S. (2006)**

.

2

Should the District of Columbia Circuit answer any of these questions in the plaintiff's favor, the outcome of the litigation in the district court would be materially affected. *See W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, (In re City of Memphis), 293 F.3d 345, 352 (6th Cir. 2002); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974), *cert. denied*, 419 U.S. 885, 42 L.Ed. 2d 125, 95 S.Ct. 152 (1974). Accordingly, Defendants have met the first two elements of the well-established test for certifying an interlocutory appeal.

**Substantial Grounds Exist for Disagreeing with the District Court's Decision on These Issues.**

A question of law is appropriately certified for interlocutory review if "the question is not settled by controlling authority and there is a substantial likelihood…that the district court ruling will be reversed on appeal." *Gamboa v. City of Chicago*, 2004 U.S. Dist. LEXIS 25105, at *11 (N.D. Ill. Dec. 13, 2004) (internal citations omitted). *See also*, *Praxair, Inc. v. Hinshaw & Culbertson*, 1997 U.S. Dist. LEXIS 16707, at *2 (N.D. Ill. Oct. 15, 1997)

Because this appears to be a case of first impression, regarding the application of United States v. Gonzalez-Lopez, 548 U. S. (2006) the attendant legal theories have not been tested in the District Of Columbia Circuit. And, although this Court has every reason to believe it correctly decided Defendants' motion to transfer, *Gamboa's* rationale

3

is persuasive: because Plaintiffs' questions presented have never been addressed in federal court, as it applies to counsel of choice and the petitioner being a "STATE" inmate.

### An Immediate Appeal Materially Advances the Ultimate Termination of the Plaintiffs' Case.

In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would eliminate: (1) the need for trial; (2) complex issues so as to simplify the trial; or (3) issues to make discovery easier and less costly. *Zygmuntowicz*, 828 F. Supp. at 353 (citing *In re Magic Marker Secs. Litigation*, 472 F. Supp. 436, 439 (E.D. Pa. 1979)).

Certifying the above questions presented will give the District of Columbia Circuit the opportunity, at the outset, to resolve this case without dragging all parties involved down to West Virginia, in a matter wherein the case will ultimately be transferred back to D.C. as the petitioner is being released in January of 2007.

### Exceptional Circumstances Warrant an Immediate Interlocutory Appeal

The immediate question is can this court deny the petitioner his right to counsel of his choice when the matter does not involve release or a demand for a parole hearing.

*Conclusion*

For the foregoing reasons, plaintiff respectfully requests this Court to grant their motion pursuant to 28 U.S.C. §1292(b), and certify the above questions presented for interlocutory review.

**By:**_____/s/ JAMES Q. BUTLER_____
James Q. Butler, Esq
Attorney at Law (DC BAR # 490014)
Butler Legal Group, PLLP
818 18th Street, Suite 1010
Washington, D.C. 20006
Telephone: 202-223-6767
Fax: 202-223-3039