# U.S. District Court
# Northern District of West Virginia [Live] (Martinsburg)
# CIVIL DOCKET FOR CASE #: 3:07-cv-00004-REM-JSK
# Internal Use Only

Boston v. Francis
Assigned to: Senior Judge Robert E. Maxwell
Referred to: Magistrate Judge John S. Kaull
Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

Date Filed: 01/05/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Franklin Boston**

represented by **Franklin Boston**
03790-007
FCI Gilmer
PO Box 5000
Glenville, WV 26351
PRO SE

V.

**Respondent**

**Warden Joyce Francis**



| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2007 | 10 | Case transferred in from District of Columbia; Case Number 06-1602(GK). Original file with documents numbered 1-9, certified copy of transfer order and docket sheet received, filed by Franklin Boston.(Copy PSLC-Austin)(ms) (Entered: 01/05/2007) |
| 01/05/2007 | 11 | NOTICE of General Guidelines for Appearing Pro Se in Federal Court. (Copy PS Petitioner) (ms) (Entered: |

| | | 01/05/2007) |
|---|---|---|
| 03/12/2007 | ●12 | MOTION to Transfer Case by Franklin Boston. (Copy REM) (ms) (Entered: 03/12/2007) |
| 03/14/2007 | | (Court only) (**Court Only**)Staff notes: orig. file sent to Clarksburg at the request of Melody Somers. (njz) (Entered: 03/14/2007) |
| 04/02/2007 | | (Court only) (**Court Only**)Staff notes. File returned to Martinsburg 3/30/07. (pslc) (Entered: 04/02/2007) |
| 09/19/2007 | ●13 | ORDER granting 12 Motion to Transfer Case. Signed by Judge John S. Kaull on 09/19/07. (jko) (Entered: 09/19/2007) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

MAR 1 2 2007

U.S. DISTRICT COURT
PARKERSBURG, WV 2618

FRANKLIN BOSTON,                    /
                                    /
                                    /
          Petitioner,               /          W.V.N.D.
                                    /          Case No.: 3:07cv 4
v.                                  /
                                    /
JOYCE FRANCIS,                      /
WARDEN, F.C.I. Gilmer,              /
                                    /
          Respondent.               /
_____/

## PETITIONERS MOTION TO TRANSFER THE MATTER

Comes now the petitioner Franklin Boston, through counsel, James Quincy

Butler, his attorney and hereby states as follows:

The United States filed a motion in the U.S. District Court in Washington, D.C. to

transfer the matter to West Virginia, which counsel for the petitioner opposed as the

petitioner was due for imminent release.

The D.C. Court granted the motion and transferred the case to this court.

Petitioner, Franklin Boston, has now been released from FCI Gilmer and is now

back under the authority of the D.C. Parole Board and as such is not within this courts

jurisdiction.

**WHERFORE ALL PREMISES CONSIDERED,** the petitioner respectfully

requests this Honorable Court transfer the matter back to the United States District Court

for the District of Columbia and such other and further relief as to this Honorable Court

appears to be just and proper.

I hereby certify ... ... ...sed instrument
... ... ... correct copy, of the original ..
in my office.
ATTEST: Dr. Wally Edgell
Clerk, U.S. District Court
Northern District of West Virginia

By: _____
              Deputy Clerk

1

March 8, 2007

Respectfully submitted,

By: _James Q. Butler_

James Q. Butler, Esq
DC BAR # 490014
Butler Legal Group, PLLP
818 18th Street, Suite 1010
Washington, D.C. 20006
Telephone: 202-223-6767

# CERTIFICATE OF SERVICE

I, James Q. Butler, hereby certify that on this 8th day of March, 2007, I mailed

the original of the foregoing to the Clerk of the Court, U.S. District Court, P.O. Box

2857, Clarksburg, WV 26302 and a true and correct copy of the foregoing was mailed,

postage pre-paid, to:

Joyce Francis, Warden
F.C.I. Gilmer
P.O. Box 5000
Glenville, W.VA. 26351

and

Mr. Franklin Boston
Reg No: 03790-007
F.C.I. Gilmer
P.O. Box 6000
Glenville, W.VA. 26351

By: _James Q. Butler_
     James Q. Butler

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# FILED

FRANKLIN BOSTON,

        Petitioner,

v.

JOYCE FRANCIS, Warden,
F.C.I. Gilmer,

        Respondent.

: 3:07cv4

: Civil Action No. 06-1602 (GK)

JAN 0 6 2007

**U.S. DISTRICT COURT
CLARKSBURG, WV 26301**

**ECF
DOCUMENT**
I hereby attest and certify that this is a printed copy
of a document which was electronically filed with the
United States District Court for the District of Columbia.
Date Filed: 12/4/2006
NANCY MAYER-WHITTINGTON, CLERK
By:

**ORDER**

Upon consideration of Respondent's Motion to Transfer Petitioner's Petition for a Writ of

Habeas Corpus, it is this 4th day of December, 2006, hereby

**ORDERED** that Respondent's Motion to Transfer is **granted**; and it is further

**ORDERED** that this case is transferred to the United States District Court for the Northern

District of West Virginia.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

I hereby certify that the annexed instrument
is a true and correct copy of the original filed
in my office.
ATTEST: Dr. Wally Edgell
Clerk, U.S. District Court
Northern District of West Virginia

By:
Deputy Clerk

HABEAS, TRANSFERRED, TYPE-G

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01602-GK

BOSTON v. FRANCIS
Assigned to: Judge Gladys Kessler
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 09/15/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**FRANKLIN BOSTON**

represented by **James Quincy Butler**
BUTLER LEGAL GROUP, PLLP
818 18th Street, NW
Suite 1010
Washington, DC 20006
US
(202) 223-6767
Fax: (202) 223-3039
Email: jqbutler1@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**JOYCE FRANCIS**
*Warden*

represented by **Sherri Lee Berthrong**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 10-450
Washington, DC 20530
(202) 514-6948
Fax: (202) 514-8784
Email: sherri.berthrong@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk

By _____
Deputy Clerk

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2006 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 5.) filed by FRANKLIN BOSTON.(tg, ) (Entered: 09/18/2006) |
| 09/20/2006 | 2 | ORDER that, no later than October 20, 2006, Petitioner shall show cause why this case should not be dismissed for lack of personal jurisdiction over Respondent . Signed by Judge Gladys Kessler on 9/20/06. (CS, ) |

| | | |
|---|---|---|
| | | (Entered: 09/20/2006) |
| 10/06/2006 | ○ | Set/Reset Deadlines: Response to Show Cause due by 10/20/2006. (tth, ) (Entered: 10/06/2006) |
| 10/16/2006 | ○3 | RESPONSE TO ORDER OF THE COURT *to show cause why petition should not be dismissed* filed by FRANKLIN BOSTON. (Butler, James) (Entered: 10/16/2006) |
| 10/16/2006 | ○4 | ORDER that, no later than November 15, 2006, Respondent shall file with this Court and serve on Petitioner a statement showing why the Writ of Habeas Corpus should not issue . Signed by Judge Gladys Kessler on 10/16/06. (CS, ) (Entered: 10/17/2006) |
| 10/17/2006 | ○ | Set/Reset Deadlines: Response due by 11/15/2006 (tth, ) (Entered: 10/17/2006) |
| 11/16/2006 | ○5 | Unopposed MOTION for Leave to File *Late File Its Response To Petitioner's Petition For Writ Of Habeas Corpus* by JOYCE FRANCIS. (Attachments: # 1 Text of Proposed Order)(Berthrong, Sherri) (Entered: 11/16/2006) |
| 11/16/2006 | ○6 | MOTION to Transfer Case *Petitioner's Petition For Writ Of Habeas Corpus* by JOYCE FRANCIS. (Attachments: # 1 Text of Proposed Order)(Berthrong, Sherri) (Entered: 11/16/2006) |
| 11/17/2006 | ○ | MINUTE ORDER granting 5 the United States' Motion for Leave to Late File its Response to Petitioner's Petition for a Writ of Habeas Corpus . Signed by Judge Gladys Kessler on 11/17/06. (CS, ) (Entered: 11/17/2006) |
| 11/17/2006 | ○7 | Memorandum in opposition to motion re 6 MOTION to Transfer Case *Petitioner's Petition For Writ Of Habeas Corpus* filed by FRANKLIN BOSTON. (Butler, James) Modified on 11/20/2006 (tg, ). (Entered: 11/17/2006) |
| 12/04/2006 | ○8 | ORDER granting Respondent's Motion to Transfer Case 6; this case is hereby transferred to the United States District Court for the Northern District of West Virginia . Signed by Judge Gladys Kessler on 12/4/06. (CS, ) (Entered: 12/04/2006) |
| 12/04/2006 | ○9 | MOTION for Certification for interlocutory appeal by FRANKLIN BOSTON. (Butler, James) (Entered: 12/04/2006) |
| 12/04/2006 | ○ | MINUTE ORDER denying 9 Petitioner's Motion for Certificate of Appealability . Signed by Judge Gladys Kessler on 12/4/06. (CS, ) (Entered: 12/04/2006) |
| 12/28/2006 | ○ | Case transferred out to the United States District Court for the Northern District of West Virginia, pursuant to Order filed December 4, 2006; sent by certified mail. (tg, ) (Entered: 12/28/2006) |

FILED

SEP 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

**FRANKLIN BOSTON,**

      Petitioner,

v.                        Civil Case No: _____

**JOYCE FRANCIS,
WARDEN, F.C.I. Gilmer,**

      Respondent,

_____/

CASE NUMBER  1:06CV01602

JUDGE: Gladys Kessler

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 09/15/2006

**"COMBINED"
PETITION FOR HABEAS CORPUS
PURSUANT TO TITLE 28, U.S.C. ss: 2241
and
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITIONERS APPLICATION FOR
HABEAS CORPUS PURSUANT TO TITLE 28, U.S.C. ss: 2241**

Comes now the petitioner Franklin Boston, through counsel, James Quincy
Butler, a member of the bar of this court and in support of his petition for habeas corpus,
pursuant to Title 28, U.S.C. ss: 2241, hereby states a s follows:

Petitioner, Franklin Boston, is a D.C. Parole Violator, convicted and sentenced in
the Superior Court of the District of Columbia, and held under the custody of Joyce
Francis, as Warden of the Federal Bureau of Prisons facility, at F.C.I. Gilmer, West
Virginia, pursuant to an order of revocation of parole by the United States Parole
Commission, said agency having oversight authority, as to violations of parole by D.C.
sentenced prisoners.

1

# JURISDICTION OF THIS COURT

A sec 2241 petition must be used to challenge actions of the U.S. Parole Commission in connection with a prisoner's sentence. Section sec 2255 Rules, supra note 1, Rule 1 advisory committee's note ("The challenge of decisions such as the revocation of probation or parole are not properly dealt with under 28 U.S.C. sec 2255."); see **U.S. v. Addonizio, 442 U.S. 178, 190 (1979)** (Parole Commission's actions do not retroactively affect validity of conviction itself, and thus "do not provide a basis for collateral attack" pursuant to sec 2255); **Cabrera v. U.S., 972 F.2d 23, 26 (2d Cir. 1992)** (challenge to actions of Parole Commission not cognizable under sec 2255); **Billis v. U.S., 83 F.3d 209, 210 (8th Cir.)** (per curiam) (challenge to decision of Parole Commission under 2255 construed as sec 2241 motion), cert. denied, 117 S. Ct. 252 (1996); **Doganiere v. U.S., 914 F.2d 165, 169-70 (9th Cir. 1990)** (challenge to decision of Parole Commission not cognizable under 2255; proper challenge to Parole Commission decision by means of 2241); **Hajduk v. U.S., 764 F.2d 795, 796 (11th Cir. 1985)** (per curiam) (same).

# POWER TO GRANT THE WRIT

**Title 28 U.S.C. § 2241.**

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless—

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

    (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

    (5) It is necessary to bring him into court to testify or for trial.

(d) _**Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court**_ of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody _**or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.**_ The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In the instant matter petitioner Franklin Boston is a D.C. prisoner, sentenced in the Superior Court of the District of Columbia, and jurisdiction and venue are proper in this court.

## ILLEGAL DETENTION COMPLAINED OF

Petitioner Boston, B.O.P. Number 03790-007; FBI NO: 740340PB; DCDC NO: 286-501; PDID NO: 503-935; was the subject of a parole revocation hearing based upon a series of charges brought by the Court Services and Offender Supervision Agency of the District of Columbia. (Please see: Exhibit "A" attached hereto and fully incorporated herein by reference.)

Exhibit "A" refers the case of this alleged state violator to the United States Parole Commission for hearing and determination.

On August 26, 2005 a probable cause hearing was held. (Please see: Exhibit "B" attached hereto and fully incorporated herein by reference.)

The probable cause hearing consisted of five allegations.

Charge Number 1: Failure to submit to drug testing. This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON PAROLE OFFICERS REPORT" (Please see exhibit for reference.)

Charge Number 2: Failure to report to supervising officer as directed. This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor which is irrefutably proven by the hearing examiner sole finding of the petitioners culpability "BASED UPON PAROLE

4

OFFICERS REPORT" (Please see exhibit for reference.)

**Charge Number 3: Violation of special conditions, (Sex offender treatment).**
This charge was denied by the petitioner. The charged was sustained by the hearing
officer, without consideration of any mitigating factor which is irrefutably proven by the
hearing examiner sole finding of the petitioners culpability "BASED UPON PAROLE
OFFICERS REPORT" (Please see exhibit for reference.)

**Charge Number 4: Law Violations. (a) deceptive labeling(DVD's and CD's)
(Criminal Copyright Offense), (b) Possession with intent to distribute crack cocaine,
[c] Possession of Cocaine.** This charge was denied by the petitioner at section [a], [b],
and [c] of the hearing form. The charged was sustained by the hearing officer, without
consideration of any mitigating factor which is irrefutably proven by the hearing examiner
sole finding of the petitioners culpability "BASED UPON POLICE REPORT" (Please
see exhibit for reference.)

**Charge Number 5: Law Violations. (a) counterfeit trademark, (b)
unauthorized sale of recordings.** This charge was denied by the petitioner at section
[a], and [b] of the hearing form. The charged was sustained by the hearing officer,
without consideration of any mitigating factor which is irrefutably proven by the hearing
examiner sole finding of the petitioners culpability "BASED UPON POLICE REPORT"
(Please see exhibit for reference.)

It appears from the record that the petitioner has been the victim of personally motivated, class base animus on the part of the parole officer in this matter.

**Charge Number 1: Failure to submit to drug testing.** This charge was denied by the petitioner. The historical information mitigates the facts alleged. The petitioner had reported for testing and has never failed any previous test. (Please see: Exhibit "C" attached hereto and fully incorporated herein by reference.)

**Charge Number 2: Failure to report to supervising officer as directed.** This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor regarding the interaction between the petitioner and his parole officer. The petitioner was held in a false light by his parole officer who went far out of her way to make sure that the petitioner could not remain gainfully employed by making statements to employers which had no basis in fact when applied to the type of employment the petitioner was engaged in. The parole officer would tell prospective employers that the petitioner was a sex offender and should not be employed in the position held.

**Charge Number 3: Violation of special conditions, (Sex offender treatment).** This charge was denied by the petitioner. The charged was sustained by the hearing officer, without consideration of any mitigating factor that the petitioner did in fact report for the treatment and was left sitting for a long period of time whereupon it appeared the appointment had been terminated. There is a vast difference between failing to report, and reporting and then being left by one's self wherein the treatment staff forgets the person is there for the appointment.

6

**Charge Number 4: Law Violations. (a) deceptive labeling(DVD's and CD's) (Criminal Copyright Offense), (b) Possession with intent to distribute crack cocaine, [c] Possession of Cocaine.** This charge was denied by the petitioner at section [a], [b], and [c] of the hearing form. The petitioner was acquitted of these charges.

**Charge Number 5: Law Violations. (a) counterfeit trademark, (b) unauthorized sale of recordings.** This charge was denied by the petitioner at section [a], and [b] of the hearing form. The petitioner was acquitted of these charges.

The situation in the instant matter is one of a parole officer having a class based animus against a what she opined, was a sex offender, who should be in jail and did everything within her power to make sure the petitioner could not work and could not comply with her demands that he appear without notice in the middle of the work day, which essentially destroyed every chance the petitioner had to rehabilitate himself.

The denial of due process in this matter is egregious and the available witnesses including former employers and others, who will be produced at the hearing, will clearly show this court that the revocation of petitioner Boston's parole, was wrongful, a willful violation of due process and illegal.

7

**WHERFORE ALL PREMISES CONSIDERED**, the petitioner respectfully requests this Honorable Court enter an ORDER granting the writ of habeas corpus, and releasing him from custody forthwith, or in the alternative an order setting this matter for a hearing in open court and such other and further relief as to this Honorable Court appears to be just and proper.

September 14th , 2006

By: _James Q. Butler, Esq._

James Q. Butler, Esq
Attorney at Law (DC BAR # 490014)
Butler Legal Group, PLLP
818 18th Street, Suite 1010
Washington, D.C. 20006
Telephone: 202-223-6767
Fax: 202-223-3039

## CERTIFICATE OF SERVICE

James Q. Butler, avers that on the 14th day of September, 2006, he caused to be hand delivered the original and one copy of the foregoing to the clerk of the court and served by mail one conformed copy to each of the parties identified infra, after having first placed same in an envelope, first class postage pre-paid and mailing same from zip code 20006, in Washington, D.C.

Clerk's Office
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

United States Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, MD 20815-7286

Court Services and Offender Supervision Agency
633 Indiana Avenue, NW
Washington, DC 20004-2902

Joyce Francis, Warden
F.C.I. Gilmer
P.O. Box 5000
Glenville, W.VA. 26351

Mr. Franklin Boston
Reg No: 03790-007
F.C.I. Gilmer
P.O. Box 6000
Glenville, W.VA. 26351

By: _____
James Q. Butler

9



**Court Services and Offender Supervision Agency
for the District of Columbia**
*Community Supervision Services*
*Branch VII, General/Special Supervision*

### Alleged Violation(s) Report (Addendum)

August 19, 2005

| | | | |
|---|---|---|---|
| **TO:** | The United States Parole Commission 5550 Friendship Boulevard Chevy Chase, MD 20815-7286 | | |
| **FROM:** | Penny Spivey Community Supervision Officer | **Unit:** | Sex Offender Supervision II Team 18 |
| | | **Telephone:** | (202) 585-7409 |
| **Please send all inquiries to:** | 300 Indiana Avenue Room 2056-C Washington, DC 20001-2106 | **Fax:** | (220) 585-7554 |
| | | **Email:** | Penny.Spivey@csosa.gov |
| **SUBJECT:** | Non-Compliance with Supervised Release | | |
| **DOCKET:** | F-6929-00B | | |

| | |
|---|---|
| **Offender:** | Franklin Boston |
| **FEDREG #:** | 03790-007 |
| **FBI #:** | 740340PB |
| **DCDC #:** | 286-501 |
| **PDID #:** | 503-935 |

**Action Recommended:** Update previous reported violations and schedule a Revocation Hearing

On 4/6/01, Mr. Franklin Boston is a 22 year-old male who was sentenced to 1 year in prison plus 3 years Supervised Release for the offense of Second Degree Child Sexual Abuse, Docket # F6929-00 (B) to run consecutive to sentence imposed in F6928-00. On 4/6/01, Mr. Boston was sentenced to sentenced to 3 years in prison, plus 3 years Supervised Release for Involuntary Manslaughter, Docket # F6928-00 (C).

Offender Boston was granted supervised release on 6/22/04 with a full term date of 7/1/07.

**FILED**

SEP 15 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1602

# EXHIBIT "A"

Court Services and Offender Supervision Agency                                        Page 2

The offender has the following special conditions(s):

Special Drug Aftercare
Global Positing System (GPS) as determined by CSOSA
No contact with minors unless approved by CSOSA
No contact direct or indirect contact with victim unless approved by CSOSA
Pay VVCC

Since the last AVR (dated 8-4-05) was submitted, the offender is alleged to have committed the following
violation(s):

8/11/05    Illeg Used Control-Danger Substance

**Allegation # 1:**
**Offender illegally possessed, used, sold or purchased a controlled dangerous substances or
related paraphernalia**

Mr. Boston illegally possessed dangerous substances in violation of supervised release condition
# 10. On 8-11-05, Mr. Boston submitted a urine sample, which were returned positive for
marijuana. He reported on 8-15-05 for a scheduled visit and admitted to CSO Spivey that he had
used. A DTMS report and SMART entry is attached as evidence.

Offender Boston's overall adjustment has been unsatisfactory. He was placed on intensive
supervision on 7-2-04. Please reference the previous AVR, which was submitted on 8-4-05.

Mr. Boston was rearrested on 8/18/05 on the supervised release violation warrant. He is
currently being detained at the DC Detention Center.

On 8/11/05, Mr. Boston tested positive for marijuana. He was subsequently placed on 5 day
reporting.

Mr. Boston's overall adjustment has been unsatisfactory. Mr. Boston has continued to
demonstrate his lack of concern for adhering to the rules and conditions of supervision. His
numerous violations and his two recent re-arrests that was addressed in the previous report
coupled with his most recent drug violation are strong indications that he is not amenable to
supervision.

A complete record check was done on 8-4-05 and there are no outstanding warrants nor any
additional re-arrests to report.



This Community Supervision Officer concludes that the offender poses a high risk of re-offending. His recent re-arrests and new drug use is a sign of him not being amenable to supervision. Therefore, this Community Supervision Officer is respectfully requesting that the aforementioned violation be added to the previously reported violations and a revocation hearing be scheduled.

Respectfully submitted,

_8-19-05_

Penny Spivey
Community Supervision Officer
Telephone Number: (202) 585-7409

Approved by:

_8.19.05_

Matthew Kiely
Supervisory Community Supervision Officer
(202) 585-7350                                              (Date

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

52 6286

Name ........................... **Boston, Franklin**

Reg. No........................ **03790-007**
DCDC No....................... **286-501**
FBI No........................... **740 340 PB1**
Birth Date ..................... **11-4-82**
Race.............................. **Black**

Date........................................... **August 11, 2005**
Termination of Supervision..... **7-1-2007**
Violation Date........................... **8-18-2004**
Released................................... **July 2, 2004**

Sentence Length ........... **4 years with 3 years supervised release (Aggregate SRAA)**
Original Offense............ **Involuntary Manslaughter; 2nd Degree Child Sexual Abuse**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 8-18-2004, 9-3-2004, and 12-21-2004. This charge is based on the information contained in the violation report dated 8-4-2005 from supervising officer Penny Spivey.
I ADMIT [  ] or DENY [  ] this charge.

# D.C. PROBABLE CAUSE HEARING DIGEST

Name .............................: **Boston, Franklin**

Reg. No. .........................: **03790-007**

Type of Release.............: **Supervised Release**

Full Term Date When Warrant Issued..: **7-1-2007**

Date Warrant Executed.: **8·19·05**

Hearing Date ........: **8·24·05**

Examiner...............: *Haworth*

Supervision Officer: **Penny Spivey**

## Attorney at Probable Cause Hearing:

[ ] PDS   [X] Other   [ ] None

Name *Tony Jones*

Address *6911 Kenilworth Ave, Suite 210*

*Riverdale MD 20737*

Phone *(301) 277 0770*

## Attorney Representing Subject at Revocation Hearing:

[ ] PDS   [ ] Other   [ ] Unknown

Name *Same*

Address_____

_____

Phone_____

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[✓] Advised of Right to a Probable Cause Hearing  [ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason):*

*NA*   [ ] Postponed to Next Docket *(If so, provide reason for postponement and omit rest of form.)*

[ ] At Request of Attorney/Prisoner   [ ] Prisoner Unavailable

[ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *(If so, skip to VI, Revocation Hearing.)*

**06 1602**

**FILED**

SEP 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# EXHIBIT "B"

Boston,  Franklin
Reg. No. 03790-007   DCDC No. 286-501

## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[ ] ADMITS          [X] DENIES

The Subject's Response:

*Report history shows that for months he has reported consistently*

[X] **Probable Cause Found.** After considering the violation report dated 8-4-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

*Based on Parole Officer report*

[ ] **No Probable Cause Found**

**Charge No. 2 - Failure to Report to Supervising Officer as Directed**

[ ] ADMITS          [X] DENIES

The Subject's Response:

*He has good history of reporting. Some are home visits when he did that buy when CSO would arrive. Report shows she did have contact with him.*

[X] **Probable Cause Found.** After considering the violation report dated 8-4-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

*Based on Parole officer report*

**Boston, Franklin**
**Reg. No. 03790-007    DCDC No. 286-501**

_____

_____

_____

_____

[  ] **No Probable Cause Found**

_____

**Charge No. 3 - Violation of Special Condition (Sex Offender Treatment)**

[  ] **ADMITS**     [X] **DENIES**

The Subject's Response:

_He had waited a long time for the appointment. He did_
_call his CSO. It is not like he did not show up._

_____

_____

[X] **Probable Cause Found.** After considering the violation report dated 8-4-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding: _Based on Parole officer's report_

_____

_____

_____

[  ] **No Probable Cause Found**

_____

**Charge No. 4 - Law Violations – a) Deceptive Labeling (DVD's and CD's)(Criminal Copyright Offense), b) Possession With Intent to Distribute Crack Cocaine, c) Possession of Cocaine.**

a) [  ] **ADMITS**     [X] **DENIES**

b) [  ] **ADMITS**     [X] **DENIES**

c) [  ] **ADMITS**     [X] **DENIES**

_____

**Boston, Franklin**
**Reg. No. 03790-007    DCDC No. 286-501**

The Subject's Response:

_Subject has not even been charged in the 8-3-05 deciption CD case. There were others in the car. He had nothing to do w/drugs. Drug charge is pending_

[ X ] **Probable Cause Found.** After considering the violation report dated 8-4-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 4. Additional reasons for probable cause finding:

_Based on Police Report_

[ ] **No Probable Cause Found**

**Charge No. 5 - Law Violations – a) Counterfeit Trademark, b) Unauthorized Sale of Recordings.**

a) [ ] **ADMITS**      [ X ] **DENIES**

b) [ ] **ADMITS**      [ X ] **DENIES**

The Subject's Response: _He had no knowledge they were in his car,_

[ X ] **Probable Cause Found.** After considering the violation report dated 8-4-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 5.   Additional reasons for probable cause finding:——— _Based on Police Report_

[ ] **NO PROBABLE CAUSE FOUND**

**Boston, Franklin**
**Reg. No. 03790-007    DCDC No. 286-501**

## IV. Additional Charges:

*None*

## V. Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[   ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

    [   ] **Reinstate** to Supervision  or  [   ] **Close Case** *(If expiration date has passed)*

[   ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

    [   ] **Summon** to revocation hearing or  [   ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer Penny Spivey

Name: Officer T.E. Dupee
Badge No. 066
U.S. Park Police
Status: _ ✓ _ Approved    _____ Not Approved    _____ Pending Further Review

Name: Cpl. J. Walters
Agency: DA; Sub-Agency: DIS 3; Badge No. 2543
Prince George's County Police
at Pleasant Station
00 Barlowe Road
ndover, MD  20785

Boston, Franklin
Reg. No. 03700-007

301-772-4920
Status: ✓ Approved          _____ Not Approved          _____ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____ *None at this time* _____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing     [   ] Approved at PC Hearing     [   ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____ *None* _____

Address:_____

Boston, Franklin

Phone No._____

Reason for Denial:_____

_____

_____


Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

## IX. Revocation Hearing:

[X] Local Revocation or      [ ] Combined Probable Cause/Local Revocation on:

**Location:** [X] CTF  [ ] DC Jail  **Date:** _10-17-05_  **Time:** [ ] am  [X] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**      [X] No    [ ] Yes  (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.      [ ] No    [ ] Yes

_____      _____
**Attorney/Prisoner**                                  **Date**

_Additional Text:_

_attorney for requested release pending revocation hearing. Subject has employment + dependents who need his support_

_A. Roberton Hawn_      _P-26-05_
_____      _____
**Examiner**                                  **Date**

**Disclosure Documents:** Warrant dated 8-11-2005, Warrant Application dated 8-11-2005, Supplemental Warrant Application dated 8-24-2005, Violation Report dated 8-4-2005 with attachments, Fax dated 8-11-2005 with attachments, Supervised Release Certificate dated 7-22-2002, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____      _____
**Attorney/Prisoner**                                  **Date**

**Boston, Franklin**
Reg No. 03790-007    **DCDC No. 286-501**

**PDID: 503-935**
**CSOSA: C0124320**

*User:*
*Kiely, Matthew*
*SCSO*

# FRANKLIN BOSTON

## Drug Testing History

**Link to Drug Test Report**

| TestDate | Description | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA | Result Status | Compl | Specimen# |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/18/2005 | Surveillance | | | | | | | | | | NO | 30688138 |
| 8/16/2005 | Surveillance | | | | | | | | | | YES | 30683042 |
| 8/15/2005 | Surveillance | Neg | | Neg | Neg | Neg | Neg | Neg | | Insuff/Qty | NO | 30680672 |
| 8/11/2005 | Surveillance | | | | | | | | | *Did not report for testing.* | YES | 30666804 |
| 8/4/2005 | Lock Up | | | | | | | | | | NO | 30623766 |
| 7/14/2005 | Surveillance | | | | | | | | | | | |
| | The creatinine value for this sample is 14 mg/dL. Creatinines less than 20 mg/dl may indicate water loading. | | | | | | | | | | | |
| 6/9/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30356406 |
| 5/13/2005 | Surveillance | Neg | Neg | Neg | N-g | Neg | Neg | Neg | | | YES | 30504946 |
| 4/14/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30451901 |
| 3/10/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30386665 |
| 2/10/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30336509 |
| 2/3/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30323219 |
| 1/27/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30310154 |
| 1/13/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30288990 |
| 1/6/2005 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30075344 |
| 12/30/2004 | Surveillance | | | | | | | | | Unable | NO | 30263868 |
| 12/23/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | YES | 30252880 |
| 12/22/2004 | Spot | Neg | Neg | Neg | Neg | Pos | Neg | Neg | | | YES | 30252711 |
| 12/21/2004 | Surveillance | | | | | | | | | *Did not report for testing.* | | |
| 12/14/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30234321 |
| 12/7/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30220813 |
| 11/30/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30207250 |
| 11/23/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30197184 |
| 11/18/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30188664 |
| 11/16/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30183212 |
| 11/9/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | YES | 30172744 |
| 11/5/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30167537 |
| 11/3/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30153838 |
| 10/29/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30145854 |
| 10/27/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30140403 |
| 10/22/2004 | Surveillance | Neg | Neg | Neg | Neg | Neg | Neg | Neg | | | YES | 30132434 |

*Home*

*Historical Report*

*Offender Profile*

- Personal
- Collateral Contacts
- Supervision
- Drug Testing
  - Drug Testing
- Assessments
- Victims
- Treatment
- Offender Reports
- Violations
- Investigations

# EXHIBIT "C"

FILED
SEP 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1602